UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

ROBERT D. SANGO,

               Plaintiff,                Case No. 1:15-cv-221

v.                                 Honorable Paul L. Maloney

UNKNOWN WATKINS,

               Defendant.

_____/

## OPINION DENYING LEAVE
## TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

            Plaintiff Robert D. Sango, a prisoner incarcerated at Ionia Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983.[1]  Plaintiff seeks leave to proceed *in forma pauperis*.  Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g).  The Court will order Plaintiff to pay the $400.00 civil action filing fee applicable to those not permitted to proceed *in forma pauperis* within twenty-eight (28) days of this opinion and accompanying order.  If Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice.  Even if the case is dismissed, Plaintiff

---

[1] Plaintiff lists six other prisoners as additional plaintiffs in the action, but only Plaintiff signed the complaint. Plaintiff lacks standing to assert the constitutional rights of other prisoners.  *Newsom v Norris*, 888 F.2d 371, 381 (6th Cir. 1989); *Raines v. Goedde*, No. 92-3120, 1992 WL 188120, at *2 (6th Cir. Aug. 6, 1992).  As a layman, Plaintiff may only represent himself with respect to his individual claims, and may not act on behalf of other prisoners.  *See O'Malley v. Brierley*, 477 F.2d 785 (3d Cir. 1973); *Lutz v. LaVelle*, 809 F. Supp. 323, 325 (M.D. Pa. 1991); *Snead v. Kirkland*, 462 F. Supp. 914, 918 (E.D. Pa. 1978).  Because Plaintiff is the only party to have signed the action, he is responsible for the entire filing fee.

will be responsible for payment of the $400.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

- 2 -

28 U.S.C. § 1915(g).  The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal.  The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury."  The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation.  *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan.  In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that they were frivolous or failed to state a claim.  *See Sango v. Lewis et al.*, No. 1:14-cv-342 (W.D. Mich. July 18, 2014); *Sango v. Huss*, No. 1:14-cv-2 (W.D. Mich. June 12, 2014); *Sango v. Hammond et al.*, No. 1:14-cv-283 (W.D. Mich. May 6, 2014); *Sango v. Novak*, No. 1:14-cv-343 (W.D. Mich. Apr. 23, 2014).  In addition, Plaintiff repeatedly has been denied leave to proceed *in forma pauperis* in this Court because he has three strikes.  *See Sango v. Eryer et al.*, No. 1:15-cv-71 (W.D. Mich. Feb. 12, 2015); *Sango v. Nevins et al.*, No. 1:15-cv-179 (W.D. Mich. Mar. 3, 2015); *Sango v. Michigan State Office of Administrative Hearings & Rules et al.*, No. 1:14-cv-1272 (W.D. Mich. Jan. 13, 2015); *Sango v. Curtis et al.*, No. 1:14-cv-823 (W.D. Mich. Aug. 14, 2014); *Sango v. Wakley et al.*, 1:14-cv-703 (W.D. Mich. July 8, 2014).

Moreover, Plaintiff's allegations do not fall within the exception to the three-strikes rule for a prisoner under imminent danger of serious physical injury.  The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id.* at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).

In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as applied to prisoner complaints. *Id.* Consequently, a prisoner must allege facts in the complaint from which court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff makes very limited claims against Defendant Watkins. He alleges that Defendant Watkins gave him an empty food tray on November 24, 2014. When Plaintiff filed a grievance on November 30, 2014, Defendant Watkins threatened to "ram his flashlight up [Plaintiff's] ass" in order to stop him from filing civil rights actions and administrative complaints. (Compl. ¶ 6, docket #1, Page ID#2.) Plaintiff filed a complaint with Internal Affairs, which was forwarded to Inspector Nevins. Upon review of Plaintiff's complaint, Inspector Nevins wrote a misconduct ticket against Plaintiff. When Plaintiff was

called out to attend his hearing on the misconduct, Defendant Watkins prevented Plaintiff from attending and told the hearing officer that Plaintiff refused to attend.

Plaintiff's allegations fall far short of demonstrating imminent danger of serious bodily injury. Plaintiff alleges nothing more than that he missed a meal on November 24, 2014, was subjected to a verbal threat on November 30, 2014, and missed an administrative hearing. None of these allegations indicates that Plaintiff faced a serious risk in the past, much less that he was in imminent danger of serious physical injury at the time he filed his complaint.

First, missing a single meal does not even rise to the level of an Eighth Amendment claim. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (holding that temporary inconveniences do not rise to the level of an Eighth Amendment injury); *see also J.P. v. Taft*, 439 F. Supp. 2d 793, 811 (S.D. Ohio 2006) ("[M]inor inconveniences resulting from the difficulties in administering a large detention facility do not give rise to a constitutional claim." (internal citation omitted)). It therefore cannot demonstrate that Plaintiff faces a serious health risk based on a missed meal.

In addition, even if Watkins verbally harassed Plaintiff on November 30, 2014, possibly in retaliation for Plaintiff's complaints and legal actions, Plaintiff's allegations fail to support an inference that Plaintiff was in imminent danger of serious physical injury. The use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits). Because harassment on a single day fails to demonstrate an Eighth

Amendment injury, it necessarily fails to demonstrate that he is in imminent danger of a serious physical injury.

Moreover, Plaintiff's allegations concerning the threat made by Defendant Watkins appears to be entirely frivolous in light of his other pleadings in this Court.  In his complaint filed in *Sango v. Nevins et al.*, No. 1:15-cv-179 (W.D. Mich.), Plaintiff alleges that Correctional Officer Berrington threatened to "ram[] a flashlight up [Plaintiff's] butt," the same allegation Plaintiff makes against Defendant Watkins in this case.  *See id.* (Compl. at ¶ 9, Page ID#2).   In that same case, Plaintiff alleged that Officer Drabek threatened to "'ass rape' [Plaintiff] with a flash light if [he] didn't dismiss [his] current 'bullshit' in the courts."  *See id.* (Compl. at ¶ 10, Page ID#3).   Further, in the attachments to that case, Plaintiff was charged with misconduct for making nearly identical allegations against Officers Wilkinson and Richardson.  *See id.* (Misconduct Report, docket #1-1, Page ID#9).   Finally, in *Sango v. Eyrer et al.*, No. 1:15-cv-71 (W.D. Mich.), Plaintiff claimed that Officer Eyrer threatened "to ram a flash light up my rectum('ass')."  *See id.* (Compl. at ¶ 7, Page ID#2).   Plaintiff's repeated identical allegations against multiple different officers wholly undermines their credibility in this action.

Finally, missing an administrative hearing is wholly unrelated to any possible physical injury.  Plaintiff's allegations on this issue have no bearing on his ability to proceed under the imminent-danger exception of § 1915(g).

In sum, Plaintiff's allegations are insufficient to allow the Court to draw a "reasonable inference[] that [imminent] danger exists."   *Vandiver*, 727 F.3d at 585.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action.  Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil

action filing fee, which is $400.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $400.00 filing fee.


Dated:   __March 12, 2015_____          __/s/ Paul L. Maloney_____
                                              Paul L. Maloney
                                              Chief United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**